HUNTER, HUMPHREY & YAVITZ, PLC
2633 E. Indian School Rd., Suite 440
Phoenix, Arizona 85016
Telephone: (602) 275-7733

Randy Yavitz (No. 006624), randy@hhylaw.com
Candess J. Hunter (No. 015114), hunter@hhylaw.com
Isabel M. Humphrey (No. 015820) isabel@hhylaw.com

Attorneys for Creditor Hunter Humphrey & Yavitz PLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>JOSEPH CHARLES LOOMIS,<br><br>Debtor, | Chapter 11<br><br>Case No. 2:10-bk-01885<br><br>**STIPULATED MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL** |

COMES NOW creditor Hunter Humphrey & Yavitz, PLC pursuant to Local Rules 5005-2, 9013-1 and 9071-1, and moves this Honorable court for leave to file under seal Exhibit 1 of its Proof of Claim which contains the detailed billing statements from Hunter Humphrey & Yavitz PLC.

Counsel also certifies that they were urged to file their billing statements under seal by Mr. Gerald K. Smith, counsel for debtor, in order to protect the attorney-client communication privilege. *See* attached e-mail. This motion is being filed due to the necessity of obtaining Court approval for the procedure the parties have agreed to follow.

Creditor Hunter Humphrey & Yavitz, PLC respectfully directs the Court to its accompanying Memorandum of Points and Authorities filed in Support of its Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL

Creditor Hunter Humphrey & Yavitz PLC (hereinafter "HHY") submits the following Memorandum of Points and Authorities in Support of its Motion to File Exhibit Under Seal.

### I. Document To Be Sealed

Prior to the initiation of this case, Mr. Loomis had been represented for a period of time by HHY in the United States District Court for the Eastern District of Virginia. That matter has not been resolved.

### II. Why Sealing is Necessary

As noted above, the matter before the United Stated District Court for the Eastern District of Virginia has not yet been resolved. In fact, the opposing party in that matter has made an appearance in the bankruptcy and is a creditor of Mr. Loomis. HHY's billing statements need to be filed under seal because they may affect the privileged nature of all the communications between HHY and Joe Loomis and perhaps all attorney-client communications involving the litigation and disputes that have arisen or may arise with Intersections and others.

### III. Governing Case Law

In *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir.2000), the Fourth Circuit identified the truism that a district court "as supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests" (internal quotation marks omitted). In order to seal documents, the court just "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public notice requirement may be satisfied by docketing the motion to seal. *See Harrell v. Duke University Health System, Inc.*, 2007 WL 4460429, 1 (D.S.C. 2007). In

this case, there are no adequate, less drastic alternatives to filing the detailed billing statements under seal.

Because the document which HHY seeks to file under seal may contain attorney-client privileged information on a pending litigation matter, granting the relief requested herein is appropriate.

WHEREFORE, Creditor HHY respectfully moves to the Court to permit HHY to file the Exhibit under seal and for such other and further relief as justice may require.

DATED this 17th day of March, 2010.

HUNTER, HUMPHREY & YAVITZ, PLC

By s/ Randy Yavitz
Randy Yavitz
Candess J. Hunter
Isabel M. Humphrey
Attorneys for Creditor Hunter Humphrey
& Yavitz, PLC

s/ Gerald Smith
40 North Central Avenue, Ste. 1900
Phoenix, AZ 85004
(602) 262-5348
(602) 734-3834 (facsimile)
Gerald@smithandsmithpllc.com
Attorneys for Debtor

COPY of the foregoing mailed
March 17th 2010 to:

All parties in interest listed on
The master mailing list on file with
This court.

S. Mosbrucker

| | |
|---|---|
| From: | "Smith, Gerald" <GSmith@LRLaw.com> |
| To: | <randy@hhylaw.com> |
| Cc: | "Joseph Loomis" <joe@loomisstrategies.com>, "Timothy McEvoy" <TMcEvoy@cameronmcevoy.com> |
| Sent: | 3/01/2010   3:18PM |
| Subject: | Proof of Claim in Loomis Case |

Dear Randy: The claim is disputed, but I am not sure how the variance in amounts occurred. The schedule of 20 largest creditors, which is attached, contains the $95,187.40 amount, while Schedule F, which was filed later, lists $79,561.80. We can amend, but since disputed because of what happened in the litigation, I am not sure it is necessary to do so. As to filing the time itemization, we can stipulate we have it and also agree that the claim is for the larger figure. If you believe more is necessary there can be a joint motion or consent to your motion correcting the amount as far as what is claimed and requesting permission to either not file the time itemization or to file it under seal. But you should not attach the itemization to the claim which is available to anyone, including Intersections, since it might affect the privileged nature of all the communicators between members of your firm and Joe Loomis and perhaps all attorney-client communications involving the litigation and disputes that have arisen or may arise with Intersections and others. Jerry Smith


Gerald K. Smith
40 North Central Avenue * Phoenix, Arizona 85004-4429
Tel (602) 262-5348 * Fax (602) 734-3834

P Please consider the environment before printing this e-mail.

----
For more information about Lewis and Roca LLP, please go to
www.lewisandroca.com.
Phoenix (602) 262-5311
Tucson (520) 622-2090
Las Vegas (702) 949-8200
Reno (775) 823-2900
Minden (775) 586-9500
Albuquerque (505) 764-5400
Silicon Valley (650) 391-1380

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail by return E-Mail or by telephone.

In accordance with Internal Revenue Service Circular 230, we advise you that if this email contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.