**GERALD K. SMITH AND JOHN C. SMITH**
**LAW OFFICES, PLLC**
40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429

Gerald K. Smith, State Bar No: 001428
Direct Dial: (602) 262-5348
Direct Fax: (602) 734-3834
EMail: gerald@smithandsmithpllc.com

John C. Smith, State Bar No. 023008
Direct Dial: (907) 360-1089
Direct Fax: (602 734-3834
Email: john@smithandsmithpllc.com

Attorneys for Debtor
*Joseph Charles Loomis*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In Re: | ) | Chapter: 11 |
| | ) | |
| JOSEPH CHARLES LOOMIS, | ) | Case No. 2:10-bk-01885-RJH |
| | ) | |
| Debtor, | ) | |
| | ) | **MOTION FOR AN ORDER UNDER** |
| | ) | **11 U.S.C. §§105(a) AND 331** |
| | ) | **ESTABLISHING PROCEDURES** |
| | ) | **FOR INTERIM COMPENSATION** |
| | ) | **AND REIMBURSEMENT OF** |
| | ) | **EXPENSES FOR PROFESSIONALS** |
| | ) | |
| | ) | |
| _____ | ) | |

Joseph C. Loomis, the debtor and debtor in possession herein, respectfully moves

this Court for an order establishing procedures for interim compensation and

reimbursement of expenses for professionals retained in this case. This motion is

supported by the following memorandum of points and authorities.

2167543.1

# BACKGROUND

## Jurisdiction

1.      The Debtor filed its voluntary petition for relief under Chapter 11 on January 26, 2010.  The Debtor continues to operate its business and possess its property as a debtor-in-possession in accordance with Bankruptcy Code §§ 1107 and 1108.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      The predicates for the relief requested in this Motion are Bankruptcy Code §§ 105(a) and 331.

# RELIEF REQUESTED

4.      The Debtor requests an order authorizing and establishing procedures for the compensation and reimbursement of court-approved professionals for the Debtor (collectively, the "**Professionals**") on a monthly basis, on terms comparable to those procedures established in other Chapter 11 cases filed in this and other Districts.  Such an order will streamline the professional compensation process, avoid hardship to the Professionals, and enable the Court and all other parties to monitor the professional fees incurred in these Chapter 11 cases more effectively.

# BASIS FOR RELIEF

5.      The procedure requested in this Motion will permit each Professional subject to these procedures to present to the Debtor and his counsel, the United States Trustee and parties in interest with a detailed statement of services rendered and expenses incurred by the Professional for the prior month.  If there is no timely objection, the Debtor proposes to pay 80% of the amount of fees and 100% of the amount of expenses incurred for the

2167543.1

1 month.  These payments will be subject to the Court's subsequent approval as part of the

2 normal interim fee application process approximately every 90 days and in any event

3 subject to Bankruptcy Code § 331.

4

5          6.          Specifically, the Debtor proposes that the monthly payment of compensation

6 and reimbursement of expenses of the professionals be structured as follows:

7          a.   On or before the last day of every month following the month
             for which compensation is sought (the "Monthly Statement
8            Date"), each Professional will submit a monthly billing
             statement describing the services provided and the fees and
9            expenses incurred (the "Monthly Statement") during the prior
             month(s) for which no payments have been made (the
10           "Compensation Period") to: (i) the Debtor; (ii) all parties on the
             master mailing list; and (iii) the United States Trustee.  Each
11           entity receiving such a Monthly Statement will have 20 days
             after the Monthly Statement Date to review the Monthly
12           Statement.

13         b.   At the expiration of the 20-day period, the Debtor will promptly
             pay eighty percent (80%) of the fees and one hundred percent
14           (100%) of the expenses requested in such Monthly Statement,
             except such fees or expenses as to which an objection has been
15           served as provided in paragraph c below.

16         c.   If the Debtor, the United States Trustee or any party in interest
             has an objection to the compensation or reimbursement sought
17           in a particular Monthly Statement, such party must, within 20
             days of the Monthly Statement Date, serve the respective
18           Professional and the other persons designated to receive
             Monthly Statements, a written "Notice of Objection to Fee
19           Statement" setting forth the precise nature of the objection and
             the amount at issue.  Thereafter, the objecting party and the
20           Professional whose Monthly Statement is objected to must
             attempt to reach an agreement regarding the correct payment to
21           be made.  If such parties are unable to reach an agreement on the
             objection within 20 days after receipt of such objection, the
22           objecting party must within 3 business days file an objection
             with the Court and serve such objection on the Professional and
23           other parties in interest to receive Monthly Statements listed
             above and the Court will consider and dispose of the objection.
24           If the objecting party fails to timely file its objection with the
             Court, the Debtor will promptly pay eighty percent (80%) of the
25           fees and one hundred percent (100%) of the expenses requested
             in the previously disputed Monthly Statement and the objecting
26           party will be deemed to have waived their right to object.  In
             addition, the Debtor will be required to pay promptly those fees
27           and expenses that are not the subject of a Notice of Objection to
             Fee Statement without further action of the Court.

28

2167543.1

d. Every 90 days, each of the Professionals must file with the Court and serve on the parties designated to receive Monthly Statements, an application for interim Court approval and allowance of compensation under Bankruptcy Code § 331 (the "**Interim Fee Applications**"). The first application must be filed on or before May 15, 2010 and will cover the period from the Petition Date through April 30, 2010.

e. Any objections to Interim Fee Applications must be filed with the Court and served upon the affected Professional, and the other persons designated to receive Monthly Statements, no later than 20 days after the date of service. If an objection is timely filed, served, and received and such objection is not otherwise resolved, or the Court otherwise determines that a hearing should be held regarding an Interim Fee Application, either the Court or the fee applicant may file a motion requesting a hearing on the objection to such Interim Fee Application (the "**Interim Compensation Hearing**"). Notice of the Interim Compensation Hearing must be served on the affected Professional, and the other persons designated to receive Monthly Statements.

f. The pendency of an Interim Fee Application and the pendency of any Notice of Objection to Fee Statement or other objection will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, compensation and reimbursement as provided in these procedures, shall bind any party in interest or this Court with respect to any Monthly Statement or the final allowance of compensation and reimbursement of Professionals in accordance with the foregoing procedures.

g. For those Professionals who received a retainer prior to the filing of the petition, such retainer constitutes an advance security retainer that may be applied against postpetition compensation and expenses as approved by this Court, in the event the Debtor does not have other funds available to pay the compensation and expenses.

## **AUTHORITY**

7. Bankruptcy Code § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Code § 331 provides, in relevant part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for

2167543.1

expenses incurred before such date as is provided under section 330 of this title.

8.     The Debtor requests that a procedure for compensating and reimbursing professionals on a monthly basis be established, comparable to those established in other large Chapter 11 cases. *See, e.g., In re Knudsen*, 84 B.R. 668 (B.A.P. 9th Cir. 1988).  In this way, the Court and all other parties can effectively monitor the fees incurred.  The procedure requested would require interim fee applications to be filed every 90 days, but would allow payment on a monthly basis on monthly billing statements to be provided to, and reviewed by, the Debtor, the U.S. Trustee and other parties in interest.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:  (a) authorizing and establishing procedures for the compensation and reimbursement of court-approved professionals on a monthly basis as set forth above; and (b) granting such other relief as is just and proper.

Dated: March 25, 2010

Respectfully submitted,

/s/ Gerald K. Smith, AZ Bar No. 001428
40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
(602) 262-5348
(602) 734-3834 (Facsimile)
gerald@smithandsmithpllc.com
*Attorneys for Debtor*

COPY of the foregoing
mailed March 25, 2010
to:

All parties in interest listed on
The master mailing list on file with
This Court.

s/ Kristin M. Reynolds
Kristin M. Reynolds

2167543.1